# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

JOSHUA HARTMANN,

    Plaintiff,

v.

CARE ALTERNATIVES OF MISSOURI
LLC d/b/a ASCEND HOSPICE, et al.

    Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No.:

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Care Alternatives of Missouri LLC d/b/a Ascend Hospice ("Ascend") hereby removes to this Court the state court action described below. Ascend removes this case on grounds of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Ascend states the following in support of removal:

### PROCEDURAL POSTURE AND VENUE

1. Plaintiff Joshua Hartmann ("Plaintiff") filed a *Petition* in the Circuit Court of Jackson County, Missouri, styled as *Joshua Hartmann v. Care Alternatives of Missouri, LLC d/b/a Ascend Hospice a/k/a Ascend Health and Mary Elizabeth Ballenger*, Case No. 2116-CV191335 (the "State Court Action"), on September 5, 2021.

2. Plaintiff's *Petition* filed in the State Court Action asserts claims against Ascend for violation of the Missouri Workers' Compensation Law, R.S.Mo. § 287.780 (Count I); violation of the Missouri Service Letter Statute, R.S. Mo. § 290.140 (Count II); and violation of the Missouri Human Rights Act, R.S.Mo. § 213.055, 213.070 (Counts IV and V). Plaintiff also asserts a claim for violation of the Missouri Wage and Hour Law, R.S.Mo. § 290.500 (Count III), against both Ascend and Mary Elizabeth Ballenger ("Ballenger").

1

3.	Plaintiff served Ascend the Summons and a copy of the Petition in the State Court Action via Private Process Server, on or about February 18, 2022.

4.	Ascend is filing this Notice of Removal within thirty (30) days after service of the Summons and Petition upon it.  Thus, this Notice of Removal is timely filed under the provisions of 28 U.S.C. § 1446(b).

5.	Upon information and belief, as of the date of this Notice of Removal, Ballenger has not been served with process and no return of service has been filed reflecting that Ballenger has been served.

6.	The Circuit Court of Jackson County, Missouri is located within the Western District of Missouri.  28 U.S.C. § 105(b)(1).  Thus, venue is proper in this Court because it is the "district and division embracing the place where such [state court] action is pending."  28 U.S.C. § 1441(a).

7.	In accordance with 28 U.S.C. §1446(a) a copy of the entire court file in the State Court Action, including the docket sheet, all pleadings and papers that have been filed and served on Ascend in the State Court Action, is attached to this Notice as **Exhibit A**.  Plaintiff has not served upon Ascend any other process, pleadings or orders.

8.	Pursuant to 28 U.S.C. § 1446(d), Ascend will promptly, upon filing this Notice of Removal, give written notice to Plaintiff's counsel and will file a copy of this Notice of Removal with the Circuit Court of Jackson County, Missouri.

### DIVERSITY OF CITIZENSHIP

9.	The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity between the parties.

10.	Plaintiff is a resident and citizen of California.  (Exhibit A, *Petition*, ¶ 1).

2

11.     Defendant Ascend is, and was at the time this lawsuit was filed, a limited liability company formed under the laws of the State of Delaware.  An LLC's citizenship is defined by the citizenship of its members.  *GMAC Comm. Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Hennely v. Broadfield*, No. 4:14cv1297, 2014 WL 5754521, *2 (E.D. Mo. 2014) (LLC's citizenship is defined by citizen of members, not principal place of business).  Ascend's sole member is Care Solutions, LLC.  None of the members of Care Solutions, LLC (and therefore, of Defendant Ascend), are citizens of the state of California.  (Exhibit A, *Petition*, ¶ 2).[1]

12.     Care Solutions, LLC's members are the following:

    a)     individuals who are citizens of New York, New Jersey and Rhode Island respectively;

    b)     North American Medical Management–New Jersey, Inc., a corporation organized under the laws of Tennessee with its principal place of business in New Jersey;

    c)     Care One Ancillary Holdings, LLC, whose members are individuals who are citizens of New York, New Jersey and Rhode Island respectively.

13.     Ballenger is a resident and citizen of Missouri. (Exhibit A, *Petition*, ¶ 3).

14.     Because Plaintiff is a citizen of California and Defendants, collectively, are citizens of New Jersey, New York, Rhode Island, Tennessee and Missouri, complete diversity exists in this case.

---

[1]     Plaintiff's *Petition*, ¶ 2, identifies only New Jersey as the citizenship of Defendant Ascend. However, the citizenship of Ascend, as determined by the citizenship of its members, additionally includes the states of New York, Rhode Island and Tennessee, as described herein. *See supra*, ¶¶ 11-12. Because none of Ascend's members are citizens of California, complete diversity exists as between Plaintiff and Ascend.

3

15.     Because Defendant Ballenger has not yet been served in this action, removal is not precluded under the forum defendant rule set forth at 28 U.S.C. § 1441(b)(2). *See Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 974 (E.D. Mo. 2014) (denying motion to remand even where removal was filed before *any* of the defendants had been served, including the forum defendant).

16.     Plaintiff asserts that "this action is non-removable because it raises a claim under the Missouri Workers' Compensation Law." *See* Petition, ¶ 4, 53-62). Although workers' compensation claims properly brought are non-removable pursuant to 28 U.S.C. § 1445(c), the inclusion of the Plaintiff's claim under Missouri's Workers' Compensation law here does not defeat removal of the action because it is baseless and is brought only for purposes of avoiding federal jurisdiction.

17.     "Missouri federal courts have found that although 28 U.S.C. § 1445(c) bars the removal of actions containing claims under Missouri's Workers' Compensation Law, an exception to this rule exists when a plaintiff fraudulently pleads an otherwise non-removable claim to avoid federal jurisdiction." *White v. Union Pac. R.R. Co.*, No. 4:19-CV-00080-DGK, 2019 WL 3400716, at *1 (W.D. Mo. July 26, 2019) (dismissing workers' compensation retaliation claim on and denying remand on grounds of fraudulent joinder)).[2] Thus, removal of this action is proper.

## AMOUNT IN CONTROVERSY

18.     Plaintiff seeks relief which he "believe[s] to be in excess of $25,000." (Exhibit A, *Petition*, Prayer for Relief).

---

[2] Fed. R. Civ. P. 81(c)(2)(C) states "a defendant who did not answer before removal must answer or present other defenses or objections under these rules within … 7 days after the notice of removal is filed." Defendant Ascend, therefore, has 7 days after filing the instant Notice of Removal in which to present its defense that Plaintiff's workers' compensation claim was fraudulently joined for purposes of avoiding federal jurisdiction.

4

19.     Although Plaintiff does not plead a specific amount of damages for the alleged violations of the Missouri Service Letter Law, Missouri Minimum Wage Law and the Missouri Human Rights Act, the amount in controversy claimed by Plaintiff for all of his claims, collectively, plainly exceeds $75,000, exclusive of interest and costs.

20.     The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether the fact finder might legally conclude" that a plaintiff's damages are greater than $75,000.00. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).

21.     Courts will consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.00. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Co. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

22.     In the present case, Plaintiff seeks to recover damages for "lost pay and benefits and damages for emotional distress" on all eligible claims, plus "treble damages under the Missouri Minimum Wage Law." Plaintiff also seeks punitive damages and attorneys' fees. (*See* Exhibit A, *Petition*, ¶¶ 1-8, Prayer for Relief). *See O'Keefe v. Midwest Transit, Inc.*, No. 4:06-cv-1060-DDN, 2006 WL 2672992, at *1 (E.D. Mo. Sept. 18, 2006) (holding that "[a]ny amounts stated in the petition are not determinative, and the court must look to the substance of the claim to determine if federal jurisdiction is present").

23.     While "awards for pain and suffering are highly subjective and should be committed to the sound discretion of the jury," *Frazier v. Iowa Beef Processors, Inc.*, 200 F.3d 1190, 1193 (8th Cir. 1999), damages for emotional distress can easily exceed $75,000. *See Eich v. Bd. of Regents for C.M. St. Univ.*, 350 F.3d 752, 763-64 (8th Cir. 2004) (reinstating $200,000 verdict for non-economic damages related to emotional distress under Title VII and MHRA and

5

citing to a number of cases, including *Kucia v. Se. Ark. Cmty. Action Corp.*, 284 F.3d 944, 947-48 (8th Cir. 2002) (upholding $50,000 in compensatory damages for emotional distress in race discrimination case)).

24.     Plaintiff also seeks an award of punitive damages.  (*See* Exhibit A, *Petition*, Prayer for Relief).  It is well established that punitive damages are included in the calculation to determine the amount in controversy.  *Allison*, 980 F.2d at 1215 (citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)).  Plaintiff has the burden to show that Defendant Ascend's conduct was "outrageous because of its evil motive or reckless indifference to the rights of others."  *Browning v. President Riverboard Casino-MO.*, 139 F.3d 631, 636-37 (8th Cir. 1998) (quoting *Kientzy v. McDonnell Douglas Corp.*, 990 F.2d 1051, 1062 (8th Cir. 1993)).  If successful, however, the potential recovery of punitive damages could, by itself, exceed the jurisdictional requirement for diversity jurisdiction.

25.     Finally, Plaintiff seeks attorneys' fees.  (*See* Exhibit A, *Petition*, ¶ 7, Prayer for Relief).  The Eighth Circuit permits the Court to consider attorneys' fees in determining the amount in controversy.  *Capital Indem. Corp*, 978 F.2d at 438.  In this case, Plaintiff's counsel likely will seek to recover attorneys' fees of tens of thousands of dollars should Plaintiff prevail.

26.     In this lawsuit, Plaintiff is requesting statutory damages, compensatory damages, damages for pain and suffering, attorneys' fees, costs and punitive damages resulting from his employment with Ascend and the alleged conduct of Ascend.  Accordingly, Ascend has proven by a preponderance of the evidence that the amount in controversy, inclusive of actual damages, punitive damages and attorneys' fees, far exceeds $75,000.

WHEREFORE, for the above and foregoing reasons, Defendant Ascend hereby notifies this Court, Plaintiff, and the Circuit Court of Jackson County, Missouri that the above-captioned

matter, now pending against it in the Circuit Court of Jackson County, Missouri has been removed

to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §

1332 and 1441.

Respectfully submitted,

*/s/ Melody L. Rayl*

Melody L. Rayl, MO Bar No. 60362
Samantha J. Monsees, MO No. 65545
**FISHER & PHILLIPS, LLP**
4900 Main Street, Suite 650
Kansas City, Missouri 64105
Telephone: (816) 842-8770
Facsimile: (816) 842-8767
Email:  mrayl@fisherphillips.com
Email:  smonsees@fisherphillips.com

ATTORNEY FOR CARE ALTERNATIVES OF
MISSOURI LLC d/b/a ASCEND HOSPICE

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, a true and correct copy of the above and foregoing
was filed using the Court's CM/ECF System and will also be sent via U.S. Mail to the following
counsel of record:

Sonal Bhatia
Edward Keenan
Mark Obermeyer
KEENAN & BHATIA, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
Phone:  816.809.2100
Email:  sonal@keenanfirm.com
Email:  ee@keenanfirm.com
Email:  mark@keenanfirm.com

Attorneys for Plaintiff

*/s/ Melody L. Rayl*

Attorney for Defendant
CARE ALTERNATIVES OF MISSOURI LLC
d/b/a ASCEND HOSPICE

7